*1830.*

*Fulton Bank*
*v.*
*Beach.*

---

## The Fulton Bank *vs.* E. S. Beach and others.

On an appeal to the court for the correction of errors, a counsel fee on the motion to file the petition of appeal is not taxable, the order to file the petition being a common order ; and the solicitor is only entitled to fifty cents for attending to have the same entered.

The signature of only one counsel is necessary to a petition of appeal or to the answer to the same, and only one counsel fee is taxable for that service.

The solicitor is to be allowed for the draft of original matter to be inserted in a case for the court of errors on appeal ; and for two written copies of the case including the matter not original.

No allowance can be taxed for abbreviating the case ; for if properly made, it is of itself an abbreviation of the pleadings and proofs, &c.

The points for the court of errors constitute a part of the case ; and should be estimated as a part thereof upon the taxation.

1830.

Fulton Bank
v.
Beach.

Only one counsel or solicitor's fee is to be allowed for the whole decree or or-
der; and it is improper to tax separate fees for each distinct point or spe-
cial direction contained therein.

Where there are separate appeals entered at different times in relation to
two distinct orders of different characters, the solicitor is entitled to an al-
lowance for all the services necessarily rendered on each appeal until the
proceedings upon the appeal are consolidated by the court.

The proceedings on the remittitur to make the decree of the court of errors
a decree of the court below, and the enrolment of the decree and the ex-
cution for the costs awarded by the appellate court, are a necessary part
of the costs on the appeal, and are to be taxed in the same bill with the
other costs and annexed to the enrolment of the decree of the court of er-
rors.

April 20th

In this case the defendants entered two separate appeals
to the court for the corection of errors, from the orders of
this court of the 3rd of March, 1829, refusing permission to
re-examine a witness and of the 4th of August, in the same
year, refusing them leave to amend their answer. (1 Paige's
Rep. 429.) After the answer to the petition of appeal from
the first order was filed, and before the second appeal was
made, the complainants made up and printed a case on the
first appeal. They afterwards made up and printed a full
case on the last appeal, which included a great portion of the
matter contained in the first case. Both appeals were argu-
ed in the court of errors in September, 1829, and both the
orders of the chancellor appealed from were affirmed with
costs. But the court of errors deeming that a great part of
the second case was useless and unnecessary, made it a part
of their decree that no allowance should be made to the re-
spondents on the taxation of costs for any part of the second
case which was contained in the case made upon the first
appeal. The taxing officer was also prohibited by the de-
cree of the court of errors from allowing any charge on the
second appeal for services which were not actually and ne-
cessarily performed upon that appeal. That court also con-
solidated the orders of affirmance, and made only one decree
of affirmance as to both appeals. The respondent's solici-
tor made out upon these appeals separate bills of costs. The
one was taxed at $536,42, and the other at $208,99. The
defendants appealed from the decision of the taxing officer
as to many of the items allowed by him upon the taxation.

The nature of the objections to the taxation are stated in the opinion of the chancellor.

THE CHANCELLOR. One hundred and seventy-five items in these two bills of costs were originally objected to before the taxing officer. He has sustained the objections, either wholly or in part as to one hundred and forty-five of those items; and has stricken from the bills more than $1350. About fifty items are still objected to by the defendants; who insist that those items should have been disallowed entirely, or still further reduced by the taxing master.

It will be necessary to examine several of the items claimed in this case, for the purpose of seeing whether they were taxable against the appellants, even if the services were performed. In the bill of costs on the first appeal the following items are objected to as illegal or overcharged: "Counsel fee on motion that appellants file petition of appeal, $1,25. Solicitor attending, $1." The appellants insist that nothing should be allowed for the first item, and only 50 cents for the last. In this they are undoubtedly correct. Under the 26th rule of the court for the correction of errors, the order to file the petition of appeal is a common order, and is to be entered by the clerk of course on the written request of the solicitor; and the solicitor is entitled to fifty cents only for attending the clerk to have the order entered. The clerk was entitled to ten cents for filing the request; but the affidavit was unnecesary under that rule. The third, fourth, fifth, sixth and seventh items are for services not usually performed, and ought not to have been taxed without evidence that they were actually performed. "Drawing statement of the case for counsel, &c. $2,50. Attending two counsel with the same for advice, $1,50." These items were found in the fee bill of 1813, but were stricken out of Chancellor Kent's bill in 1818, on the ground that the charges were for services merely fictitious, which were seldom if ever performed. (Assembly Jour. Feb. 25, 1818.) They related only to answers to bills in this court, and were never applicable to an answer to a petition of appeal. The items embraced in the tenth and eleventh objections appear to be legal charges, and the

1830.

Fulton Bank
v.
Beach.

services must necessarily have been performed. The an-
swer to the petition of appeal must be signed by counsel.
The language of the act of 1813 shows that the legislature
contemplated the signatures of two counsel to the petition of
appeal and to the answer. In the revised statutes the lan-
guage is altered, and a distinction is made between the peti-
tion of appeal, or the answer to the same, and the case for
the court; showing that the allowance is to be for one coun-
sel only in the first case, and for two counsel in the last. The
twelfth and thirteenth objections relate to services which are
usually performed, and, I presume, must have been in this
case. The fourteenth relates to the number of written co-
pies of the case for which the solicitor has a right to charge
by the folio. The case of the respondents on the first ap-
peal has been swelled to the extent of 644 folios; of which
125 are said to be original matter, and the residue consist
of copies in hæc verba of the pleadings, depositions, peti-
tions, affidavits, &c. The master has allowed for a draft
and three copies of the original matter, and for three copies
of the pleadings and other matters not original to be inserted
therein. The policy of the legislature has been to pay liber-
ally for services actually and necessarily performed, but to
discourage the multiplication of copies of papers or other fic-
titious services, which are never made or performed except
for the mere purpose of increasing a bill of costs. In this
instance the number of copies is fixed by the fee bill and
cannot be increased. The solicitor is entitled to the draft of
the original matter to be inserted in the case; to one copy
of such draft, together with the matter not original, to be
signed by counsel; and to one other copy for the printer.
No more written copies are necessary, as the one signed by
the counsel is retained by the solicitor if it is in fact never
made before the case is printed. No allowance can be tax-
ed for abbreviating the case for counsel; for if properly
drawn, the case itself is nothing but an abbreviation of the
proceedings in the cause. The points properly constitute a
part of the case required by the sixth and twelfth rules of the
court for the correction of errors, and should be estimated
as a part thereof. No separate items for drawing, signing,

copying or serving points are allowed by the fee bill, or re- quired by the practice of the court. Under the fee bill of 1813, the solicitor was allowed for the draft of his brief by the folio : and for one copy thereof for the use of counsel. By the revised statutes, he is allowed but two dollars for the draft and nothing for the copy. In this case the allowance must be according to the former rate. The solicitor has charged his brief on the first appeal at 250 folios, and on the last at 150. He also claims to be allowed for three copies of each. The taxing officer has reduced each brief to 100 folios, and allowed for two copies of both, amounting in the whole to $64. It is still objected by the appellants that the amount allowed by the master is enormous and oppressive. Neither of these briefs have been exhibited to the court to enable me to judge whether the number of folios taxed by the master were proper or necessary. It seems to be a mis- nomer to call either of them a brief, on a motion to amend an answer or to re-examine a witness. I must therefore direct the officer on re-taxation to strike out the allowance for the second copy of each, and to look into them and see whether the ought not still further to be reduced. The twentieth and twenty-first objections relate to the copy of the chancellor's opinion on the last motion, printed for the use of the court on the first appeal. This opinion is contain- ed in the case made on the last appeal, and the respondents are not to be allowed for two copies for the printer, or to the expense of printing it twice, as that was unnecessary. These items must be stricken out of the first bill. The master has allowed for " solicitor and counsel attending on motion to affirm decree $2,25," and the like sum for attending on mo- tion for judgment for the respondents. These charges are for one and the same service, and both should not have been allowed. The charge for solicitor and counsel attending on motion for remittitur should have been disallowed. No such motion is ever made ; it follows of course, on the affirmance or reversal of a decree. The allowance of one dollar to the solicitor for obtaining the remittitur, and attending this court therewith, is all to which he is entitled. I have understood that one of the former taxing officers has been in the habit

1830.

Fulton Bank
v.
Beach.

of allowing a separate solicitor's and counsel fee as to every distinct point of direction contained in an order or decree of this court, or of the court for the correction of errors ; and that a similar allowance has been made for every day's attendance on an order of reference. Both allowances are improper and illegal ; and the latter was by a former chancellor made an express ground of complaint to the executive against the conduct of certain masters who continued to tax the same, notwithstanding the decision of the court to the contrary. (Assembly Journal, 28th January, 1812, p. 11.) The items objected to in the bill on the second appeal depend upon the same principles, except as to services since the argument. The appellate court thought both appeals should have been argued together, as most of the principles embraced in the arguments were equally applicable to both. Hence they considered the repetition of the same matter in the second case, which was embraced in the first, as a useless expense, and refused to permit it to be taxed. But the questions were not in all respects the same on each appeal, and the taxable fees to counsel never in fact are equal to the amount actually paid. As these were separate appeals, brought at different times, and in relation to orders of a different character, I think the usual costs on each, previous to the decision of the court, should be allowed ; deducting however, for such parts of the case and brief as were unnecessarily repeated on the second appeal. No allowance must be made for duplicate proceedings after the argument. The court decided both appeals together, and directed them to be consolidated in the order of affirmance, to save the useless expense of two remittiturs, and of separate orders, enrolments and executions in the court of chancery, to carry into effect their decision. The party should have obtained one remittitur, reciting both appeals, and containing the decision of the court thereon, as consolidated and entered in the minutes of the clerk. The filing the remittitur in this court and the order consequent thereon, and the enrolment of the decree of the court of appeals and the execution for the costs awarded by that court are a necessary part of the costs of the appeal, and must be incorporated into the same bill and annexed to the enrolment of the decree here.

The bills of cost in this case must be redrawn and retaxed upon the principles above stated, leaving out the objectionable items and those which were before rejected by the taxing officer. The respondents' solicitor is also to be permitted to add to the first bill of costs the additional expense of reciting both appeals in the remittitur, and of the enrolment of the decree to carry into effect the decision of the appellate court. The costs may be re-taxed by the vice chancellor of the first or of the third circuit on the usual notice.